FILED
APR 28 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

IRENE M. ALBERT,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Civil No. 05-890-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

Irene Albert filed an action for judicial review of the Commissioner's final decision to deny her Disability Insurance Benefits. Presently, Alan Graf, Albert's counsel seeks an award of attorney's fees in the amount of $18,000, pursuant to 42 U.S.C. § 406(b). Graf's Unopposed Motion

1 - FINDINGS AND RECOMMENDATION    [LB]

for Attorney Fees Pursuant to 42 U.S.C. § 406(b) should be granted and Graf should be awarded $18,000, before deducting fees previously awarded under the Equal Access to Justice Act ("EAJA").

*Procedural Background*

On June 22, 2002, Albert filed an application for a Period of Disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), alleging disability since June 17, 2002, due to the combined effects of chronic migraines, chronic neck pain, bipolar, depression and mood disorders, carpal tunnel syndrome and degenerative disc disease. The Social Security Commissioner ("Commissioner") denied Albert's application initially and upon reconsideration. Pursuant to a timely request by Albert, an administrative law judge ("ALJ") held a hearing on May 14, 2004, and subsequently issued a decision finding Albert not disabled, as defined in the Act, through the date of the decision. Albert filed a request for the review of the ALJ's decision and, on April 26, 2005, the Appeals Council denied Albert's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 422.210.

On June 17, 2005, pursuant to 42 U.S.C. § 405(g) of the Act, Albert filed a Complaint for Judicial Review Concerning Social Security Benefits with this court seeking judicial review of the Commissioner's final decision denying her DIB claim. Albert alleged the decision of the ALJ was not based on substantial evidence as required by 42 U.S.C. § 405(g), and the ALJ erred as a matter of law in denying her claim. Specifically, Albert argued the Commissioner erred by: (1) finding her pain testimony not credible; (2) disregarding lay witness testimony; (3) failing to assess accurately her Residual Functional Capacity, including making a determination that she could perform sustained work and presenting an incomplete hypothetical question to the VE; and, (4) failing to

consider the combined effects of her impairments. This court considered Albert's challenges to the Commissioner's decision and determined there was not substantial evidence in the record to support the ALJ's finding that Albert was not disabled. Accordingly, the court entered a judgment reversing the Commissioner's decision and remanding the case for additional proceedings. Following this remand, Albert was determined to be disabled as of June 17, 2002, and awarded DIB retroactive to December 2002.

On November 9, 2006, this court granted Graf a fee award of $5,464.95, pursuant to the EAJA, 28 U.S.C. § 2412. Graf now moves for an award of attorney fees from Albert's retroactive benefits award pursuant to 42 U.S.C. § 406(b), seeking fees in the amount of $18,000 (including the previously awarded EAJA fees). Although the Commissioner does not object to the proposed award,[1] this court is required to perform an "independent check" to determine whether it is permissible under applicable statutes, and also whether the fee agreement yields "reasonable results" under the circumstances. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796–807 (2002).

## Analysis

Graf seeks an award of attorney's fees in the amount of $18,000, or twenty percent[2] of the retroactive benefits awarded to Albert, pursuant to an agreement he executed with Albert. The terms of that agreement authorized payment to Graf up to twenty-five percent of Albert's $90,012 in

---

[1] The Commissioner does not oppose an attorney's fee request under section 406(b) because the fee awarded is paid by the claimant from the benefits awarded to her.

[2] In his Memorandum, Graf states his request for an $18,000 award is equal to nineteen percent of the retroactive benefits. (Pl.'s Mem Supp. Attny. Fees. 1.) It is unclear how Graf arrived at his percentage amount, i.e., 19% of $90,012 = $17,102.28. In any event, the requested amount of $18,000, is approximately twenty percent of the past-due benefits and well below the statutory maximum of twenty-five percent.

retroactive benefits award, the maximum amount allowable under applicable statutory law. *See* 42 U.S.C. § 406(b)(1)(A).

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D.Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n. 17), *adopted by*, 2010 WL 1029809 (March 17, 2010). A section 406(b) fee award is paid from claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I.  Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. Graf and Albert executed a contingent-fee agreement, providing counsel's fee would be the greater of: (1) twenty-five percent of any past-due benefits received, or (2) any EAJA attorney fee award obtained. The terms of this agreement are within the statute's limits.

The next step is to confirm the fee requested by counsel does not exceed § 406(b)'s twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be

4 - FINDINGS AND RECOMMENDATION                                                    [LB]

paid to the claimant. Graf presents a letter from the Commissioner indicating Albert's past-due Social Security benefits for December 2002 through July 2010, total $90,012.00. Graf requests approval of a fee award for $18,000, or approximately twenty percent of the total past-due benefits. Thus, the requested award is within the statutory limit. After determining that the fee agreement and the amount requested is in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10; *see also* 42 U.S.C. § 406(b)(1)(A).

II.  Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. This court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir.2009) (*en banc*) (citing Gisbrecht, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*:

>   1.  the character of the representation, specifically, whether the representation was substandard;
>   2.  the results the representative achieved;
>   3.  any delay attributable to the attorney seeking the fee; and
>   4.  whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted).

### A. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested section 406(b) fee due to the character of Graf's representation. Counsel presented sound arguments justifying a remand in the action that were opposed by the Commissioner in this court.

### B. Results Achieved

Graf obtained a remand order from this court that ultimately led to a "fully favorable" decision for Albert; namely, an award of DIB for the period of disability sought.[3]

### C. Undue Delays

A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Graf received two short extensions for filing Albert's Opening Brief and her Reply Brief. No evidence in the record suggests these two requests improperly delayed the prosecution of Albert's claim for benefits. Accordingly, a reduction of Graf's fee request is unwarranted under this factor.

---

[3] While Graf did obtain a successful result, this fact should not be viewed in isolation, and does not require a fee award for the full twenty-five percent. *See Dunnigan*, 2009 WL 6067058, at *12.

D.      Proportionality

Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Graf requests $18,000 for 33.55 hours of work, which equates to a rate of $536.51 per hour. Graf litigated an application for Social Security benefits that was disputed by the Commissioner. The court recognizes counsel undertook some risk in agreeing to represent Albert on a contingency basis,[4] and acknowledges he successfully obtained benefits for his client in a matter requiring skill and expertise. Nor is the $18,000 fee ($12,535.05 net after subtracting the previously awarded EAJA fee) excessively large in relation to the past-due award of $90,012. After examining the entire record, the briefing presented, and the hours claimed by counsel, under the requirements of *Gisbrecht* and *Crawford*, this court concludes Graf has made an adequate showing that a fee award of twenty percent of Albert's retroactive benefits is reasonable.

---

[4] The nature of contingency work is one element to be considered when evaluating the fourth factor under *Crawford* – whether the fee sought is in proportion to the time spent on the case and whether counsel is receiving an unwarranted windfall. No doubt, there are challenges presented for attorneys in undertaking contingency work on behalf of Social Security claimants. While contingency fees is one element to be considered, it does not serve as a sole basis for justifying a fee award. To the extent Graf continues to argue the court must consider the generalized risk for all the contingent fee cases in his practice when the court determines an appropriate award in a specific case, the court rejects such an argument. While the Ninth Circuit's decision in *Crawford* clarified that risk is an appropriate factor to consider in determining a section 406(b) award, it requires the individual case be the focus of the risk analysis: "the district court should look at the complexity and risk involved in the specific case at issue to determining how much risk the firms assuming in taking the case." 586 F.3d 1142, at 1153. Looking at a particular firm's "overall success rate" is the wrong approach to assessing risk. *Id.* at 1152.

*Recommendation*

For the reasons stated, the Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (doc. #33) should be granted. Graf should be awarded $18,000 from Albert's retroactive benefits of $90,012.00. After subtracting the $5,464.95 EAJA fee award to previous counsel, the final fee award should be $12,535.05.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **May 12, 2011**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 28th day of April 2011

John V. Acosta
United States Magistrate Judge